UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. Case No. 6:18-cr-22-GAP-LRH

VINCENT SPERTI

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS**

The United States opposes the defendant's motion to modify release conditions. Doc. 86. For the forgoing reasons, the United States respectfully urges the Court to deny the defendant's motion.

## BACKGROUND

On April 29, 2021, the United States Probation Office petitioned this Court for the issuance of a summons, alleging the defendant committed five violations of his probation. Doc 42 (Court Only). On May 11, 2021, the defendant was released on conditions, to include home detention and electronic monitoring. Doc 52. On May 28, 2021, an amended petition was filed, alleging a sixth violation. Doc 55 (Court Only). On January 6, 2022, the defendant admitted to all of the violations in the amended petition. Docs 72, 73.

On June 15, 2022, this Court held a final revocation of probation hearing. After fully discussing the anticipation of new charges, which had yet to be filed against the defendant, this Court continued the final revocation hearing to a date to

be set in the future. Doc 83. On August 2, 2022, the defendant pleaded guilty to all counts charged in an Information filed in 6:22-cr-114-GAP-EJK. On August 10, 2022, this Court ordered that the final revocation proceeding in this case, and the sentencing proceeding in the defendant's new-law case, be held in conjunction on October 25, 2022.

On August 9, 2022, the defendant filed the instant motion seeking the Court replace his current conditions of home detention and electronic monitoring, with a curfew. Doc. 86. In his motion, the defendant provides no justification as to why the amendment of his current release conditions is appropriate, other than that he is making the request "in part on the suggestion of his probation officer." See Doc. 86 at 2.

The Court should deny the defendant's motion as the defendant fails to meet the burden for modifying his release conditions under the applicable statutes.

**MEMORANDUM OF LAW**

The court should deny the defendant's motion because defendant's motion alleges neither new nor material information related to his conditions regarding flight or dangerousness.

Under 18 U.S.C. § 3142(c)(3), "The judicial officer may at any time amend the order to impose additional or different conditions of release." This inquiry, however, is guided by 18 U.S.C. § 3142(f). Under 18 U.S.C. § 3142(f) the defendant must establish that information exists that was not known to him at the time of the initial

detention hearing, and that this information has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community.

The defendant has not met his burden under the applicable statutes and his motion should be denied. The defendant has failed to establish both that this information is new to him and that it has a material bearing on his release conditions regarding flight or dangerousness. The "new information" relied upon and offered by the defendant is simply that the defendant has complied with the conditions. However, the defendant's compliance while on supervised release does not qualify as "new information."

Release conditions are imposed with the presumption that the defendant will follow them. Under the statute, the conditions set by the Court are those determined to be necessary to assure the defendant's appearance. As such, the compliance with those conditions is not "new information;" rather it is what the Court previously determined was necessary to bring about the desired result. Further, to consider this information "new" to the defendant would suggest that at the time the conditions were set, the defendant was unaware or unsure that he would comply with them, strongly weighing against granting his request in the instant motion.

Further, even if the Court were to find that any of the information in the defendant's motion qualified as "new information," the defendant has not established that this information has a material bearing on his release conditions

regarding flight or dangerousness. It is unclear, how complying with the conditions of his release—as is anticipated by the Court when it sets release conditions—has any bearing on whether the defendant is poses a risk of flight or a danger to the community. If anything, the defendant's compliance indicates the Court correctly tailored the conditions of release to meet the purposes of the 18 U.S.C. § 3142.

The only "new information" in this case, which was not offered by the defendant, is that he has since pleaded guilty to an information, charging him with one count of conspiracy to defraud the United States and to pay and receive kickbacks, in violation of 18 U.S.C. § 371, and one count of possessing with intent to distribute a mixture and substance containing a detectable amount of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This new information, however, does not weigh in the defendant's favor pertaining to his request to modify conditions of release. Rather, the defendant now has additional incentive to flee, given the greater punitive exposure he now faces.

Finally, the United States has consulted with the United States Probation Office, who informed the undersigned that the United States Probation Office provided a memorandum of no objection to the Court on August 19, 2022. The probation officer clarified to the undersigned that he is not opposed to the defendant's suggestion of a curfew in place of home detention, however, he would recommend that the curfew also include the electronic monitoring that is presently in place.

For these reasons, the United States respectfully urges the court to deny the defendant's motion.

## CONCLUSION

For the foregoing reasons, this Court should deny defendant's motion to modify the conditions of his release.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Jennifer.Harrington2@usdoj.gov

**U.S. v. Vincent Sperti** **Case No. 6:18-cr-22-GAP-LRH**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James Smith, Esq.

*/s/ Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Jennifer.Harrington2@usdoj.gov